1045 Jeff Tuttle Dr.
San Andreas CA
95249

FILED

APR 08 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT of CALIFORNIA

| | |
|---|---|
| DOUGLAS MURPHY, Plaintiff | CASE NO. 1:24 CV 00417 EPG (PC) |
| V. | JURY DEMAND |

CHARLES B. SMITH; NATHAN NUTTING; CHARLES FRYE; LEIGH FLEMING; APRIL ASBEL; ATTY. FITZGERALD; ATTY. ALVAREZ; ATTY. CIUMMO; LAW FIRM of FITZGERALD, ALVAREZ & CIUMMO; AS YET TO BE IDENTIFIED JOHN/JANE DOE EMPLOYEE'S of FITZGERALD, ALVAREZ & CIUMMO #1-10; LAW FIRM/LLP of CHARLES B. SMITH & NATHAN NUTTING; DAVID STUGER; TIMOTHY S. HEALY; MARTIN C. SUITS; BARBARA COK; DANA PFEIL; BRADLEY JONES; AS YET TO BE IDENTIFIED JOHN/JANE DOE EMPLOYEE'S #1-10 OF THE CALAVERAS COUNTY DISTRICT ATTORNEY'S OFFICE; GARY TOFANELLI; JACK GARAMENDI; MARTIN SHUBERTY; AMANDA FOLENDORF; BENJAMIN STOPPER; MARGARET SMITH; THERESA HITCHCOCK; AS YET TO BE IDENTIFIED JOHN/JANE DOE EMPLOY-EE'S #1-20 of CALAVERAS COUNTY; AS YET TO BE IDENTIFIED EMPLOYEE'S #1-20 of THE CALAVERAS SUPERIOR COURT CLERK'S OFFICE,

                                    DEFENDANTS

RECEIVED
APR 08 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

FILED

APR 08 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

1045 Jeff Tuttle Dr
San Andreas, CA
95249

# COMPLAINT

## I. JURISDICTION:

INSOFAR AS THE DEFENDANTS NAMED HEREIN (IN) WILLFULLY AND KNOWINGLY VIOLATED THE PLAINTIFFS CIVIL RIGHTS WHILE ACTING UNDER COLOR OF STATE LAW JURISDICTION IS PROPERLY CONFERRED UPON THE HONORABLE U.S. DISTRICT COURT PURSUANT TO 42 U.S.C.A. 1983 AND 28 U.S.C.A. 1343

FURTHER, AND INSOFAR AS THE PLAINTIFF PLEADS, AND SEEKS DAMAGES FOR, STATE CLAIMS DERIVING FROM A NUCLEUS OF OPERATIVE FACTS COMMON WITH THE FEDERAL CONSTITUTIONAL CLAIM(S), THE PLAINTIFF RESPECTFULLY MOVES THE COURT TO INVOKE IT'S PENDENT JURISDICTION TO HEAR STATE CLAIMS.

## II PARTIES:

1. THE PLAINTIFF IS DOUGLAS MURPHY, HEREINAFTER MURPHY. MURPHY IS PRESENTLY AWAITING TRIAL IN CALAVERAS COUNTY IN CRIMINAL MATTER 22F8546. MURPHY WAS TRANSPORTED FROM CONNECTICUT TO CALIFORNIA PURSUANT TO THE 'INTERSTATE AGREEMENT ON DETAINERS HEREINAFTER 'IAD'- 18 USCS APPENDIX II / CA. PENAL CODE 1389. MURPHY IS PRESENTLY HOUSED IN THE CALAVERAS COUNTY JAIL LOCATED AT 1045 JEFF TUTTLE DR SAN ANDREAS, CA 95249 MURPHYDOUGLAS96712@GMAIL.COM

2. DEFENDANT CHARLES B. SMITH, HEREINAFTER SMITH, IS AN ATTORNEY/MEMBER OF THE CALIFORNIA BAR. SMITH IS ALLEGED TO HAVE CONSPIRED/WILLFULLY PARTICIPATED IN A PROMULGATED PRACTICE TO VIOLATE MURPHYS CIVIL RIGHTS UNDER COLOR OF STATE LAW AND/OR COMMITTED LEGAL MALPRACTICE UNDER STATE LAW. SMITH IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS INDIVIDUAL AND OFFICIAL CAPACITIES. ADDRESS TO BE PROVIDED.

3. DEFENDANT NATHAN NUTTING, HEREINAFTER NUTTING, IS AN ATTORNEY/MEMBER OF THE CALIFORNIA BAR. NUTTING IS ALLEGED TO HAVE CONSPIRED/WILLFULLY PARTICIPATED IN A PROMULGATED PRACTICE TO VIOLATE MURPHYS CIVIL RIGHTS UNDER COLOR OF STATE LAW AND/OR COMMITTED LEGAL MALPRACTICE UNDER STATE LAW. NUTTING IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES. ADDRESS TO BE PROVIDED

4. DEFENDANT CHARLES FRYE, HEREINAFTER FRYE, IS AN ATTORNEY/MEMBER OF THE CALIFORNIA BAR. FRYE IS ALLEGED TO HAVE CONSPIRED/WILLFULLY PARTICIPATED IN A PROMULGATED PRACTICE TO VIOLATE MURPHYS CIVIL RIGHTS UNDER COLOR OF STATE LAW AND/OR COMMITTED LEGAL MALPRACTICE UNDER STATE LAW. FRYE IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES. ADDRESS TO BE PROVIDED.

5. DEFENDANT LEISH FLEMING, HEREINAFTER FLEMING, IS AN ATTORNEY EMPLOYED BY THE LAW FIRM OF FITZGERALD, ALVAREZ & CIUMMO / THE CALAVERAS PUBLIC DEFENDERS OFFICE. FLEMING IS ALLEGED TO HAVE CONSPIRED / WILLFULLY PARTICIPATED IN A PROMULGATED PRACTICE TO VIOLATE MURPHYS CIVIL RIGHTS UNDER COLOR OF STATE LAW AND/OR COMMITTED LEGAL MALPRACTICE UNDER STATE LAW. FLEMING IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HER OFFICIAL AND INDIVIDUAL CAPACITIES.

6. DEFENDANT APRIL ASBEI - TO BE PROVIDED

7. DEFENDANT ATTY. FITZGERALD- TO BE PROVIDED

8. DEFENDANT ATTY. ALVAREZ- TO BE PROVIDED

9. DEFENDANT ATTY. CIUMMO- TO BE PROVIDED

10. DEF. FITZGERALD, ALVAREZ & CIUMMO- TO BE PROVIDED

11. DEFENDANT DAVID SINGER, HEREINAFTER SINGER, IS AN ATTORNEY/MEMBER OF THE CALIFORNIA BAR WHO IS CONTRACTED WITH CALAVERAS COUNTY TO PROVIDE LEGAL SERVICES VIA THE CONFLICT PANEL. SINGER IS ALLEGED TO HAVE CONSPIRED/WILLFULLY PARTICIPATED IN A PROMULGATED PRACTICE TO VIOLATE MURPHYS CIVIL RIGHTS UNDER COLOR OF STATE LAW AND/OR COMMITTED LEGAL MALPRACTICE UNDER STATE LAW. SINGER IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES. ADDRESS TO BE PROVIDED.

12. DEFENDANT TIMOTHY S. HEALY, HEREINAFTER HEALY, IS A SITTING JUDGE ON THE CALAVERAS SUPERIOR COURT. HEALY IS BEING SUED FOR DECLARATORY RELIEF/JUDGEMENT ONLY, JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

13. DEFENDANT MARTIN C. SUITS, HEREINAFTER SUITS, WAS THE SITTING JUDGE IN 22F05746 ON 2/8/24 ALSO 2/13/24. SUITS IS BEING SUED FOR DECLARATORY RELIEF/JUDGEMENT ONLY, JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES.

14. DEFENDANT BARBARA YOOK, HEREINAFTER YOOK, IS THE CALAVERAS DISTRICT ATTORNEY. YOOK WAS AT ALL TIMES ACTING UNDER COLOR OF STATE LAW AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HER OFFICIAL AND INDIVIDUAL CAPACITIES.

15. DEFENDANT DANA PFEIL, HEREINAFTER PFEIL, IS A DEPUTY DISTRICT ATTORNEY AT ALL TIMES ACTING UNDER COLOR OF STATE LAW. PFEIL IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HER INDIVIDUAL CAPACITIES. PFEIL IS ALSO BEING SUED FOR MALICIOUS PROSECUTION AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW.

16. DEFENDANT BRADLEY JONES, HEREINAFTER JONES, IS A DEPUTY DISTRICT ATTORNEY AT ALL TIMES ACTING UNDER COLOR OF STATE LAW. JONES IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES. JONES IS ALSO BEING SUED-

16. (CONT'D) FOR MALICIOUS PROSECUTION AND I.I.E.D. UNDER STATE LAW.

17. DEFENDANT GARY TOFANELLI, HEREINAFTER TOFANELLI, SITS ON THE CALAVERAS BOARD OF SUPERVISORS AND WILLFULLY PROMULGATED AN UNLAWFUL PRACTICE THAT HE KNEW WAS DEPRIVING CRIMINAL DEFENDANTS OF THEIR CIVIL LIBERTIES. TOFANELLI WAS AT ALL TIMES ACTING UNDER COLOR OF STATE LAW AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES. TOFANELLI IS ALSO BEING SUED FOR MALFEASANCE UNDER STATE LAW.

18. DEFENDANT MARTIN SHUBERTY, HEREINAFTER SHUBERTY, SITS ON THE CALAVERAS BOARD OF SUPERVISORS AND WILLFULLY PROMULGATED AN UNLAWFUL PRACTICE THAT HE KNEW WAS DEPRIVING CRIMINAL DEFENDANTS OF THEIR CIVIL LIBERTIES. SHUBERTY WAS AT ALL TIMES ACTING UNDER COLOR OF STATE LAW AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES. SHUBERTY IS ALSO BEING SUED FOR MALFEASANCE UNDER STATE LAW.

19. DEFENDANT AMANDA FOLENDORF, HEREINAFTER FOLENDORF SITS ON THE CALAVERAS BOARD OF SUPERVISORS AND WILLFULLY PROMULGATED AN UNLAWFUL PRACTICE THAT SHE KNEW WOULD DEPRIVE CRIMINAL DEFENDANTS OF THEIR CIVIL LIBERTIES. FOLENDORF WAS AT ALL TIMES ACTING UNDER COLOR OF STATE LAW -

19. (CONT.'D) AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HER OFFICIAL AND INDIVIDUAL CAPACITIES. FOIENDORF IS AISO BEING SUED FOR MAIFEASANCE UNDER STATE LAW.

20. DEFENDANT JACK GARAMENDI, HEREINAFTER GARAMENDI, SITS ON THE CAIAVERAS BOARD OF SUPERVISORS AND WILLFUILY PROMULGATED A PRACTICE THAT HE KNEW WOULD DEPRIVE CRIMINAL DEFENDANTS OF THEIR CIVIL RIGHTS. GARAMENDI WAS AT AII TIMES ACTING UNDER COLOR OF STATE LAW AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFIC-IAL AND INDIVIDUAL CAPACITIES. GARAMENDI IS AISO BEING SUED FOR MAIFEASANCE UNDER STATE LAW.

21. DEFENDANT BENJAMIN STOPPER, HEREINAFTER STOPPER, SITS ON THE CAIAVERAS BOARD OF SUPER-VISORS AND WILLFUILY PROMULGATED AII UNIIAWFUI PRACTICE THAT HE KNEW WOULD VIOLATE CRIMINAL DEFENDANTS CIVIL RIGHTS. STOPPER WAS AT AII TIMES ACTING UNDER COLOR OF STATE LAW AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HIS OFFICIAL AND INDIVIDUAL CAPACITIES. STOPPER IS AISO BEING SUED FOR MAIFEASANCE UNDER STATE LAW.

22. DEFENDANT MARGARET SMITH, HEREINAFTER SMITH, M SITS ON THE CAIAVERAS BOARD OF SUPERVISORS AND WILLFUILY PROMULGATED A PRACTICE THAT SHE KNEW WOULD DEPRIVE CRIMINAL DEFENDANTS OF THEIR CIVIL RIGHTS. SMITH M WAS AT AII TIMES ACTING

22. (CONT'D) UNDER COLOR OF STATE LAW AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HER OFFICIAL AND INDIVIDUAL CAPACITIES. SMITH, M IS ALSO BEING SUED FOR MALFEASANCE UNDER STATE LAW.

23. DEFENDANT THERESA HITCHCOCK, HEREINAFTER HITCHCOCK, SITS ON THE CALAVERAS BOARD OF SUPERVISORS AND WILLFULLY PROMULGATED AN UNLAWFUL PRACTICE THAT SHE KNEW WOULD DEPRIVE CRIMINAL DEFENDANTS OF THEIR CIVIL RIGHTS. HITCHCOCK WAS AT ALL TIMES ACTING UNDER COLOR OF STATE LAW AND IS BEING SUED JOINTLY AND SEPERATELY IN BOTH HER OFFICIAL AND INDIVIDUAL CAPACITIES. HITCHCOCK IS ALSO BEING SUED FOR MALFEASANCE UNDER STATE LAW.

24. ALL BOARD OF SUPERVISORS MEMBERS MAINTAIN AN OFFICE LOCATED AT 891 MOUNTAIN RANCH RD SAN ANDREAS, CA 95249

25. DEFENDANTS YOOK, PFEIL AND JONES MAINTAIN AN OFFICE LOCATED AT DISTRICT ATTORNEYS OFFICE 891 MOUNTAIN RANCH RD SAN ANDREAS, CA 95249

* 26.-50 RESERVED FOR AS YET TO BE IDENTIFIED DEFENDANTS.

## III. FACTS GIVING RISE TO CAUSE(S) OF ACTION

MURPHY WAS INDICTED BY GRAND JURY IN CRIMINAL MATTER 22F8546 ON 9/23/22.

51. MURPHY PLED GUILTY TO A TECHNICAL PROBATION VIOLATION IN TORRINGTON, CT AND WAS SENTENCE TO A FOUR(4) YEAR TERM OF STATE INCARCERATION ON 3/30/23. MURPHY WAS A SENTENCED CONNECTICUT STATE INMATE ON 3/30/23.

52. PURSUANT TO MURPHYs 3/30/23 SENTENCE HE IS ELIGIBLE TO BE RELEASED ON PAROLE ON/OR AFTER 4/28/24.

53. THE CALAVERAS COUNTY DISTRICT ATTORNEY (CCDA) LODGED A FORMAL DETAINER AGAINST MURPHY WITH THE CT DOC ON 4/5/23.

54. CALIFORNIA AUTHORITIES INITIALL FORWARDED A "REQUEST FOR CUSTODY" TO CT AUTHORITIES ON 9/23/22, THE SAME DATE MURPHY WAS INDICTED.

55. MURPHY EXECUTED A FORMAL IAD/1389 REQUEST FOR DISPOSITION ON ALL UNTRIED INDICTMENTS PURSUANT TO PC 1389 ARTICLE III ON 4/10/23 WITH CT DOC ( (MACDOUGALL-WALKER, C.I.) WARDEN DANIEL DOUGHERTY.

56. WARDEN DOUGHERTY'S OFFICE FORWARDED A COMPLETE, PROPERLY FORMATTED 'IAD/1389 PACKAGE' TO BOTH THE CALAVERAS DISTRICT ATTORNEYs OFFICE AND TO THE SUPERIOR COURT VIA CERTIFIED RETURN RECEIPT REQUESTED U.S. MAIL PURSUANT TO ART. III(b)

57. THE TWO (2) SEPERATE/INDIVIDUAL IAD PACKAGES WERE RECEIVED AND SIGNED FOR BY CALAVERAS COUNTY MAILROOM EMPLOYEE STACIE LINK ON 4/24/23. LINK IS A MAILROOM EMPLOYEE AT THE CALAVERAS COUNTY GOVERNMENT CENTER/COUNTY SEAT LOCATED AT 891 MOUNTAIN RANCH RD. SAN ANDREAS, CA 95249.

58. THE MAILROOM AT THE GOVERNMENT CENTER IS A SEPERATE SPECIFICALLY DESIGNATED MAILROOM WITH CONSISTENT DESIGNATED EMPLOYEE'S.

59. THE CALAVERAS SUPERIOR COURT MAINTAINS A SPECIFIC CLEARLY DESIGNATED MAILBOX (#17) IN THE MAILROOM. MAILBOX # 17 IS CLEARLY LISTED AND DISPLAYED ON THE MAILROOMS DIRECTORY OF MAILBOXES AND DESIGNATED AS 17.

60. AT THIS MAILROOM, THE COURT, ON A DAILY BASIS, SENDS AND RECEIVES INTERAGENCY MAIL. THE MAILROOM ALSO PROCESSES ANY MAIL IT RECEIVES FOR THE COURT BY PLACING IT IN THE COURTS MAILBOX. THE MAIL IS ROUTINELY PROCESSED. THE GOVERNMENT CENTER MAILROOM CLERKS WILL SIGN FOR MAIL ADDRESSED TO THE COURT AND PUT IT IN THE COURTS MAILBOX.

61. ON 4/24/23 THE IAD PACKAGE DESIGNATED FOR THE COURT WAS EITHER PROVIDED DIRECTLY TO A COURT CLERK, OR PLACED INTO THE COURTS MAILBOX, #17.

62. ON/OR ABOUT 4/24/23 THE IAD PACKAGE DESIGNATED FOR THE COURT WAS RETRIEVED BY COURT STAFF FOR PROCESSING.

63. MURPHYS 9/23/22 INDICTMENT (22F8546) WAS BY GRAND JURY. AS SUCH it IS THE COURTS PRACTICE TO KEEP THOSE FILES SEALED/CLOSED UNTIL ARRAIGNMENT.

64. ON/OR ABOUT 4/24/23 COURT STAFF OPENED MURPHYS FORMAL IAD PACKAGE, REALIZED THAT it WAS AN OFFICIAL/FORMAL DOCUMENT, AND FILE STAMPED it AS RECEIVED.

65. UPON DISCOVERING THAT MURPHY'S CASE FILE ON 22F8546 WAS SEALED, AND REALIZING THAT THE 1389 DOCUMENTS WERE TIME SENSITIVE, 1389 SPEEDY TRIAL DOCUMENTS, THE COURT CLERK FORWARDED MURPHYS IAD PACKAGE TO THE DISTRICT ATTORNEYS OFFICE.

\* 66. THE DA ACKNOWLEDGES RECEIPT OF PLTF'S IAD PACKAGE ADDRESSED TO THE DA ON 4/24/23.

\* 67. THE DA DENIES ANY KNOWLEDGE OF WHAT HAPPENED TO THE PLTF'S IAD PACKAGE ADDRESSED TO THE COURT SUBSEQUENT TO BEING SIGNED FOR BY STACIE LINK ON 4/24/23

68. THE DA RECEIVED THE IAD PACKAGE ADDRESSED TO THE COURT.

69. CT DOC OFFICIALS REPEATEDLY COMMUNICATED WITH CA OFFICIALS IN COORDINATING PLTF'S TRANSPORT

③

(CONT'D) FROM CT TO CA ON 6/23/23.

\* 70. ON 6/7/23 CA ADA BRADLEY JONES AND CA SUPERIOR COURT JUDGE TIMOTHY HEALY EXECUTED 'PROSECUTOR'S ACCEPTANCE OF CUSTODY' (IAD FORM VII).

71. IAD FORM VII SUFFICES FOR RECEIVING STATES 'WRITTEN REQUEST FOR TEMPORARY CUSTODY' PURSUANT TO PC 1389 ARTICLE IV (a) AND US V. MAURO, 436 U.S. 340.

72. CALAVERAS COUNTY SHERIFF'S TOOK CUSTODY OF PITF IN CT ON 6/23/23 AND RETURNED HIM TO CA ON 6/23/23 TO STAND TRIAL IN 22F8546.

73. PITF MADE HIS FIRST APPEARANCE IN COURT ON 6/26/23 AND WAS APPOINTED ATTY LEIGH FLEMING FROM THE PUBLIC DEFENDERS OFFICE.

74. PUBLIC DEFENDER SERVICES IN CALAVERAS COUNTY ARE CONTRACTED TO THE LAW FIRM OF FITZGERALD, ALVAREZ, AND CIUMMO. (CW)

75. THE COMPLAINING WITNESS IN PITF'S CRIMINAL MATTER (22F8544) IS KRISTINA D. THE PUBLIC DEFENDERS OFFICE HAD REPRESENTED KRISTINA D ON AT LEAST TWO PRIOR OCCASIONS.

\* 76. ON 6/26/23 PITF INFORMS THE COURT ON THE RECORD THAT HE IS A CT STATE PRISONER HERE ON AN IAD/1389 TRANSPORT AND ASSERTED HIS DEMAND FOR A SPEEDY TRIAL.

77. 2ND CRT: 6/30/23- CONTINUED ARRAIGNMENT; ASSERT SPEEDY TRIAL DEMAND

78. IN ADDITION TO THE CONFLICT OF INTEREST, IN THE INTERIM PERIOD BETWEEN 6/30/23 - 7/14/23 FLEMING DISPLAYS GROSS INCOMPETENCE.

79. 3rd CRT: 7/14/23 PITF OFFERS ORAL MARSDEN MOTION SEEKING NEW COUNSEL SPECIFYING NUMEROUS DETAILED ACCOUNTS OF FLEMINGS VIOLATIONS OF THE RULES OF PROFESSIONAL CONDUCT AND CONFLICTS. COURT ABUSES DISCRETION AND AUTOMATICALLY DENIES MARSDEN. PITF IS ARRAIGNED ASSERTS SPEEDY TRIAL.

80. YON 07/24/23 PITF MAILS WRITTEN PRO SE MARSDEN MOTION TO COURT CLERK. MOTION IS STAMPED RECEIVED BY CLERK ON 7/31, IS NOT FILED, AND SIMPLY FORWARDED TO FLEMING, WHO DID NOT FILE IT AND SIMPLY RETURNED IT TO PITF VIA U.S. MAIL UNFILED.

81. THE CLERKS FAILURE TO FILE PITF'S PRO SE MARSDEN MOTION WAS UNLAWFUL.

82. PITF FORCES ePUBLIC DEFENDERS OFFICE TO FILE A REQUEST FOR HEARING ON 7/28/23 TO HEAR PITF'S NEW MARSDEN MOTION.

✱ 83. 4TH CRT: 8/4/23 - MARSDEN HEARING; THE COURT OPINES THAT PITF'S WRITTEN MARSDEN IS DISFAVORED/ ATYPICAL (WE TYPICALLY DON'T ALLOW WRITTEN MOTIONS) AND REFUSES TO FILE. PITF'S PROVIDES TWENTY MINUTE DETAILED ACCOUNT OF INEFFECTIVE COUNSEL, CONFLICT OF INTEREST, AND IRRECONCILABLE DIFFERENCES. THE COURT IS ABOUT TO ARBITRARILY DENY PITF'S MOTION WHEN FLEMING ANNOUNCES THAT SHE DOES IN FACT HAVE A CONFLICT

✻ (CONT'D) AND MOVES THE COURT TO WITHDRAW HER APPEARANCE. THE COURT ALLOWS FLEMING TO WITHDRAW BASED ON HER ANNOUNCED CONFLICT OF INTEREST. (THE ADA, DALIA PFIEL WOULD LATER LIE IN WRITING IN 'PEOPLES BRIEF AND REQUEST FOR FINDINGS' FILED ON _____ STATING THAT FLEMING WAS FIRED). PITF ASSERTS SPEEDY TRIAL, NO TOIL.

✻ 84.    5TH CRT: 8/7/23 - ATTY. DAVID SINGER DECLINES APPOINTMENT. STATING " I'M A SOLO-PRACT.T-IONER." "I HAVE NO STAFF." " I'LL GO BANKRUPT." "I DON'T HAVE THE RESOURCES." ASSERT S.T. NO TOIL

✻ 85.    6TH CRT: 8/11/23 - ATTY. CHARLES SMITH DECLINES APPOINTMENT CITING NUMEROUS CONFLICTS IN HIS SCHEDULE. ASSERT S.T. NO TOIL

86. 7TH CRT: 8/14/23 - NO ATTORNEY PRESENT. PITF SUGGESTS TEMPORARY PRO-PER STATING THAT HE IS PRESSING FOR A SPEEDY TRIAL AND THAT THERE HAS BEEN NO PROGRESS IN HIS DEFENSE. ATTEMPTS TO FILE PREVIOUS WRITTEN MARSDEN MOTIONS FOR THE RECORD. COURT LIES, ACCEPTS MOTIONS BUT DOES NOT FILE OR RETURN MOTIONS. ASSERT S.T. NO TOIL

87.    8TH CRT: 8/18/23 - ATTORNEY NATHAN NUTTING DECLINES APPOINTMENT. ASSERT S.T. NO TOIL

✻✻ 88.    9TH CRT: 8/21/23 PRIOR TO OPEN COURT BEGINNING, JUDGE HEALY FORCES ATTY. DAVID SINGER TO ACCEPT APPOINTMENT. SINGER APPOINTED. CONTINUES TRIAL DATE OVER PITF'S POIGNANT OBJECTION. PITF —

⑥

(CONT'D) REMOVED FROM COURT ROOM FOR OBJECTING
TO CONTINUANCE. & HIS

\* 89.    INTERIM 8/23/23 ATG: HAS A SERIES OF
LEGALLY RECORDED CONSENTED TO PHONE CONVERSATIONS
WITH ATTY SINGER. (PLTF POSSESSES THE TRANSCRIPTS)
209-743-8153 ① 15:26:44 ; ② 15:43:34 - SINGER
STATES THAT HE WAS FORCED TO ACCEPT PLTF'S CASE;
"THEIR REMEDY (THE COURTS/HEALY) IS TO GO SOMEWHERE
ELSE, FIND SOMEBODY ELSE, NOT MOVE YOUR TRIAL."
"AND LIKE I TOLD YOU, AFTER THE FIRST HEARING (8/7)
WHEN I LEFT THE COURT ROOM, I KNEW THE JUDGE WAS
NOT HAPPY WITH, THE SECOND TIME. "IT'S LIKE THE
POINT OF POSITION WHERE I HAVE TO CHOOSE BETWEEN
MY LIVELIHOOD AND MY CLIENT." "YOU DON'T WANT TO
SHIT WHERE YOU EAT!" SINGER FURTHER STATED
THAT HE WOULD NOT HAVE A PROBLEM FILING A COMPLAINT
AGAINST JUDGE HEALY.
90.    ATTY SINGER INFORMS PLTF THAT HE'S NEVER
BEEN INVOLVED IN A JURY TRIAL OF A CASE OF
PLTF'S MAGNITUDE.
91.    10TH CRT: 8/23/23 - ATTY SINGER FILES A
MOTION TO WITHDRAW CITING CONFLICT OF INTEREST
ALONG WITH PLTF'S MARSDEN MOTION.
92.    10TH CRT: 8/28/23 - JUDGE HEALY GRANTS
SINGERS MOTION TO WITHDRAW DEEMS PLTF'S
MARSDEN MOTION MOOT.

②

\* 93.    11TH CRT: 8/29/23 - JUDGE HEALY ATTEMPTS
TO APPOINT HIS FORMER COURT CLERK (ATTY. CHARLES
FRYE) WHO HAS JUST PASSED THE BAR TWO YEARS
EARLIER. FRYE INFORMS THE COURT THAT A) HE
CAN'T BE READY FOR TRIAL. THE COURT INQUIRES/PUSHES
WHEN COULD YOU BE READY; FRYE STATES THAT HE'S
PROBABLY NOT QUALIFIED TO ACCEPT A CASE OF
THIS MAGNITUDE.

94.    8/29/23, EARLIER (OFF THE RECORD) HEALY
ASKS ATTY. KEN FOLEY TO ACCEPT PTF'S CASE.
FOLEY EXPLAINED HOW MUCH INVESTIGATION WAS
INVOLVED AND DECLINED.

\* 95.    12TH CRT: 9/1/23 - ATTY. JEROME CLAY
(ADMITTED TO BAR ON 11/21/19) FROM FORIEGN
COUNTY ACCEPTS APPEARANCE VIA ZOOM.

\* 96.    13TH CRT: 9/6/23 - ATTY. IAN MARTIN APPEARS
VIA ZOOM STATING: A) ATTY. CLAY WAS ONLY ACCEPTING
SPECIAL APPEARANCE FOR HIM (MARTIN) ON 9/1; B)
MARTIN WAS NOT AWARE OF THE ACTUAL CHARGES UNTIL
9/6; AND C) HE HANDLES MISDEMEANOR CASES ONLY
AND PTF'S CASE IS 'OUT OF HIS WHEELHOUSE.'
ATTY. MARTIN IS ALLOWED TO WITHDRAW.

\* 97.    9/7/23 - PEOPLE FILE (PEOPLES BRIEF ON)
PENAL CODE 1389 AND 1382 AND REQUEST FOR
FINDINGS (D.D.A. DANA L. PFEIL) WILLFULLY MISREPRESENTS
THE FACTS/LIES STATING "ON AUGUST 4 2023 THE
DEFENDANT ARGUED A MARSDEN MOTION (WHICH WAS GRANTED)

8

(CONT. 'D) REMOVING THE PUBLIC DEFENDER AS COUNSEL FOR THE DEFENDANT.'

98. D.D.A. PFEIL REPEATEDLY MAKES INTENTIONAL MISREPRESENTATIONS IN PEOPLE'S 9/7/23 FILING AND INTENTIONALLY TAKES ADVANTAGE OF THE PLTF'S 'UNCOUNSELED' POSITION

99. D.D.A. PFEIL'S 9/7/23 REQUESTS FOR FINDINGS MOVES THE COURT TO FIND THAT 'DEFENDANT'S MARSDEN MOTION WAS GRANTED ON 8/4/23.' IN FACT, P.D. FLEMING SPECIFICALLY MOVED THE COURT TO WITHDRAW FOR CONFLICT. (PEOPLES BRIEF AT 7.)

100. D.D.A. PFEIL INTENTIONALLY MISREPRESENTS THE RECORD/LIES STATING: "THE FILING OF DEF'S MARSDEN MOTION, AND SUBSEQUENT FIRING OF HIS ATTORNEY, CAUSED A DELAY...." (PEOPLES BRIEF AT 8);

101. D.D.A. PFEIL INTENTIONALLY MISREPRESENTS THE RECORD/LIES STATING "DUE TO DEFENDANTS ACTIONS IN FIRING HIS COUNSEL, THE PUBLIC DEFENDER AND ALTERNATE COUNSEL MR. SINGER ...." (PEOPLES BRIEF AT 17.)

102.  14TH CRT: 9/8/23 - NO COUNSEL, ASSERT S.T.

103.  15TH CRT: 9/12/23 - NO COUNSEL, ASSERT S.T.

104. 16TH CRT: 9/18/23 - NO COUNSEL, PLTF REQUESTS/SC 1382 DISMISSAL, HEARLY OPINES THAT NO COUNSEL IS GOOD CAUSE TO CONTINUE PAST 9/12 (60 DAY 1382 LIMIT). PLTF REQUESTS LIST OF NAMES/ATTY'S CONTACTED; ACTIONS TAKEN TO SECURE COUNSEL - DENIED.

(9)

105.    17TH CRT: 9/15/23 - NO COUNSEL. PITF REQUESTS 'PRO PER 'STATUS' TO GAIN ACCESS TO LEGAL MATERIAL/RESEARCH; STATE'S 'I'M BEING PREJUDICED BY MY INABILITY TO PROSECUTE MY DEFENSE.' HEALY STATE'S THAT THE PRO PER REQUEST IS 'PART OF A GAME.' PITF REFERS TO LOSS OF WITNESS. ASSERT S.T.

106.    18TH CRT: 9/20/23 - NO COUNSEL. ASSERT S.T.

107.    19TH CRT: 9/27/23 - NO COUNSEL. ASSERT S.T.

✳    108.    20TH CRT: 9/28/23 - NO COUNSEL. COURT/HEALY VACATES 10/3 TRIAL DATE. PITF OBJECTS; ASSERT S.T.

✳    109.    9/12/23 - PITF FILES 'DEFENDANTS PRO SE REPLY TO PEOPLES 9/7/23 BRIEF & REQUESTS FOR FINDINGS.'

110.    21ST CRT: 10/2/23 - NO COUNSEL. ASSERT S.T.

111.    22ND CRT: 10/4/23 - NO COUNSEL. ASSERT S.T.

✳✳    112.    23rd CRT: 10/6/23 - ATTY. CHARLES SMITH ACCEPTS APPOINTMENT, AFTER DECLINING APPOINTMENT DUE TO OVERBURDENED SCHEDULE ON 9/11/23. PITF REQUESTS SMITH TO MEET/SPEAK WITH HIM ASAP TO DISCUSS PENDING 1389 ISSUES. SMITH REFUSES TO COMMUNICATE, STATING 'I'LL SEE YOU BEFORE NEXT WEEKS COURT.'

113.    INTERIM PERIOD 10/6-10/13: PITF REPEATEDLY ATTEMPTS TO CONTACT SMITH BY PHONE. SMITH FAILS TO COMMUNICATE WITH PITF. PITF SUSPECTS THAT HEALY FORCED SMITH TO ACCEPT CASE AND THAT SMITH IS OVERBURDENED WITH TOO MANY OTHER CLIENTS.

114.    ATTY. SMITHS PHONE LINE (650-346-3296) WAS NOT A SECURE LINE. IT WAS SUBJECT TO RECORDING.

Ⓒ

8:30 A.M.

115.    24TH CRT: 10/13/23 - PLTF FILES AN INTENDED MARSDEN MOTION TO REMOVE SMITH, AND INADVERTENTLY INCLUDES A 170.6 & 170.1 MOTIONS AGAINST JUDGE HEALY THAT WERE CONTAINED IN THE SAME FILE FOLDER HOLDING THE MARSDEN MOTION. HEARING PASSED TO 1:30 TO HEAR MARSDEN. 1:30 p.m.

116.    10/13/23: 1:30 p.m. - HEALY ANNOUNCES THAT THERE WERE THREE MOTIONS FILED AND IS VISIBLY ANGRY. PLTF ATTEMPTS TO EXPLAIN THAT THE 170.1 & 170.6 MOTIONS WERE NOT INTENDED TO BE FILED. HEALY DOESN'T CARE, TELLS PLTF TO BE QUITE OR BE REMOVED FROM THE COURTROOM. HEAL CLAIMS 170.6 IS UNTIMELY.

117.    PLTF ATTEMPTS TO EXPLAIN TO SMITH. SMITH YELLS AT PLTF 'DON'T TALK TO ME!' 'DO YOU WANT TO BE REMOVED!' THE MATTER IS SET TO BE HEARD BEFORE JUDGE BOYACK ON 10/17/23.

118.    25TH CRT: 10/17/23- BEFORE JUDGE BOYACK. SMITH STATES THE 'HE' IS WITHDRAWING 170.1 & 170.6 MOTIONS (CLAIMS MOOT BY PRO SE STATUS FOR BOTH 170.1 & 170.6) AND 170.6 UNTIMELY. SMITH DECLARES HE IS 'READY/PREPARED' TO PROCEED TO TRIAL BY 10/23/23. PLTF (TENTATIVELY) WITHDRAWS HIS MARSDEN MOTION.

✱  119.    26TH CRT: 10/18/23- BEFORE JUDGE HEALY. HEALY DECLARES TOLLED TIME OF 58 DAYS + 5 DAYS FOR 10/13 - 10/17 (63 DAYS). HEALY SETS TRIAL FOR 11/29/23 TRC/TCC ON 11/17. HEAL ASKS DA IF THEY HAVE ANYTHING TO ADD. STATE REPLIES NO. SMITH OBJECTS TO CONTINUANCE/TRIAL DATE

11

120.    BETWEEN 10/6/23 AND 10/31/23 SMITH REFUSES
TO MEET WITH PLTF OR CONSULT WITH HIM IN CONFIDENCE.
121.    BETWEEN 10/6/23 AND 11/6/23 PLTF REPEATEDLY
URGES SMITH TO MEET/CONSULT WITH HIM OR TO AT
LEAST HAVE HIS PHONE # LISTED AS A 'SECURE ATTY-
CLIENT' CALL PRECLUDING MONITORING/RECORDING. DESPITE
THIS BEING A SIMPLE FREE PROCESS, SMITH REFUSES
TO CONVERT HIS # TO ALLOW CONFIDENTIAL COMMUNICATIONS.
122.  ON 10/6/23, IN COURT, PLTF ASKS SMITH IF HE
IS AWARE OF PLTF'S PC 1389 DEADLINE OF 10/21/23.
SMITH STATES THAT HE HASN'T CONSIDERED THE MATTER.
123.  ON/OR ABOUT 10/12/23 PLTF ENLISTS FRYE'S
ASSISTANCE TO HELP HIM NAVIGATE HIS 1389 ISSUES
AND FORMALLY RETAINS FRYE'S PROFESSIONAL SERVICES
VIA RETAINER AGREEMENT DATE 10/16/23.
124. THE PLTF POSSESSES SUBSTANTIAL LEGAL ACUMEN,
HAS STUDIED A NEAR EXHAUSTIVE BODY OF DICTUM,
CONTROLLING 1389/IAD LAW, AND HAS FRYE AGREE
TO ALLOW THE PLTF TO PARTICIPATE IN A LEGALLY
MEANINGFUL WAY IN ARGUING HIS 1389 ISSUES
IN A MOTION TO DISMISS AND/OR PETITION FOR
PROHIBITION/MANDATE.
125. IN THE INTERIM DAYS BETWEEN 10/12/23 - 10/31/23
FRYE CONTINUALLY PROVIDES UPDATES ON HIS CRIMINAL
DOCKET THAT SMITH HAS NOT REQUESTED ALL SUBPOENA'S
NOR REQUESTED FUNDS FOR AN EXPERT OR INVESTIGATOR.

(12)

126. ON A RECORDED CALL TO SMITH ON/OR ABOUT 10/11/23 THE PLTF PROVIDES THE NAME AND CONTACT INFORMATION FOR THE NAME OF THE PSYCHIATRIST PLTF BELIEVES IS TREATING THE CW. SMITH SUBSEQUENTLY LIES/DENIES EVER RECEIVING MESSAGE.

127. IN OPEN COURT ON 10/13/23 SMITH LOUDLY CALLS THE PLTF "STUPID, STUPID, STUPID." THESE COMMENTS WERE HEARD BY THE COURT AND THE PUBLIC GALLARY.

128. ON 10/31/23 SMITH VISITS PLTF AT THE JAIL. SMITH IMMEDIATELY THREATENS TO '1368' THE PLTF TO INTIMIDATE HIM. THE THREAT HAS THE DESIRED EFFECT AND QUELLS PLTF'S DESIRE/ABILITY TO PRESS FOR INFORMATION.

129. ON 10/31/23 PLTF INQUIRES AS TO WHEN SMITH IS GOING TO SUBPOENA THE CW'S MED/PSYCH RECORDS, THE CW'S CELL PHONE RECORDS, AND THE PLTF'S CELL PHONE & BANK/CREDIT CARD RECORDS. SMITH VERY SPECIFICALLY AGREE'S TO SUBPOENA ABOVE. PLTF AGAIN SUPPLIES CW'S PSYCHIATRIST'S INFO.

130. ON 10/31/23 SMITH INFORMS PLTF THAT HE IS GOING TO HIRE A PRIVATE INVESTIGATOR TO LOCATE A CRUCIAL WITNESS.

131. ON 11/2/23 SMITH AGAIN VISITS WITH PLTF AT THE JAIL AND BRINGS AN ALLEGED INVESTIGATOR. THE ONLY REASON SMITH APPEARS ON 11/2 IS BECAUSE HE IS AWARE OF THE 11/3 MARSDEN HEARING.

132. ON 11/2 WHILE SHOWING PLTF 'PICTURES OF ~~TopLESS~~ THE CW SMITH COMMENTS "NICE BOOBS." THE PLTF. WAS DISGUSTED & DEMORALIZED BY SMITH'S COMMENT.

133. OUT OF DESPERATION THE PLTF RETAINED (NY, J.) PRIVATE COUNSEL ~~Frye~~ TO ASSIST RETAINED IN FILING AND ARGUING A MARSDEN MOTION TO REMOVE SMITH.

134. FRYE FILED AN 'APPLICATION FOR IMMEDIATE HEARING' ON 11/1/23 AND OBTAINED A 11/3 HEARING.

27TH CRT(;)# 135. AT THE 11/3 MARSDEN HEARING THE COURT (HEALY, J) ABUSED ITS DISCRETION IN REFUSING FRYE THE ABILITY TO PRESENT THE PLTF'S COMPLAINTS.

136. AT THE 11/3 HEARING THE PLTF AVERRED WITH SPECIFICITY THAT SMITH FAILED/REFUSED TO CONVERT HIS PHONE # TO A PRIVILEGED LINE, A SIMPLE TEN MINUTE PROCEDURE, DENIED PLTF THE ABILITY TO COMMUNICATE WITH HIS ATTORNEY IN CONFIDENCE.

137. AT THE 11/3 HEARING THE PLTF AVERRED WITH SPECIFICITY THAT, AS REFLECTED ON THE DOCKET, SMITH HAD FAILED TO OBTAIN ANY SUBPOENA'S, FAILED TO OBTAIN (OR EVEN REQUEST) FUNDS FOR AN EXPERT OR INVESTIGATOR.

138. AT THE 11/3 HEARING FRYE ARGUED THE CONTROLLING LAW DEMONSTRATING THAT SMITH WAS PROVIDING INEFFECTIVE COUNSEL, HAD CONDUCTED NO INVESTIGATION WHATSOEVER, AND THAT PLTF & SMITH WERE EMBROILED IN IRRECONCILABLE CONFLICT.

144. AT THE CLOSE OF THE 11/3 HEARING HEALY AGAIN WILLFULLY ABUSED HIS DISCRETION AND DENIED PLTF'S APPROPRIATE FARETTA REQUEST SPECIFICALLY STATING HIS REASON THAT 'IT WAS NOT IN THE PLTF'S BEST INTERESTS.' NO OTHER RATIONALE WAS PROVIDED.

145. AT THE END OF THE 11/3 HEARING Smith AGREED TO FILE A MTD DRAFTED BY FRYE PURSUANT TO PLTF'S INSTRUCTIONS. I.e., DATE TO FILE.

146. PRIOR TO BECOMING AN ATTORNEY APPROX. TWO YEARS AGO, FRYE WAS EMPLOYED AS A COURT CLERK AT THE CALAVERAS SUPERIOR COURT FOR OVER 15 YEARS AND IS READILY FAMILIAR WITH THE PRACTICES & PROCEDURES OF THE COURT. MOREOVER, FRYE HAD BEEN A CLERK IN HEALY'S COURT SINCE HEALY JOINED THE CALAVERAS BENCH.

147. ON 11/8/23 @ 7:12 P.M. FRYE SENT SMITH AN EMAIL INFORMING SMITH THAT HE COULD PREPARE A DECLARATION CONCERNING THE COURTS MAILBOX AT 891 MOUNTAIN RANCH RD. STATING "THE COURT HAS BROUGHT THIS UP A FEW TIMES." "THE COURT STILL AND HAS ALWAYS GOTTEN MAIL THERE."

148 THE ABOVE EMAIL ALSO STATES "I ALSO HAVE PERSONAL KNOWLEDGE THE COURT CLERKS, AS A MATTER OF ROUTINE, WOULD SIMPLY FORWARD ANYTHING THAT APPEARS TO BE A TRIAL DEMAND TO THE DA AND NOT PUT IT IN THE FILE."

**❊❊** 139. AT THE 11/3 HEARING HEALY WILLFULLY AND KNOWINGLY ABUSED HIS DISCRETION IN FAILING TO INQUIRE AT ALL INTO PLTF'S COMPLAINTS. HEALY WILLFULLY FAILED TO PROBE AS TO ANY JUSTIFICATION(S) SMITH MAY HAVE TO JUSTIFY HIS FAILURE(S) TO COMMUNICATE, FAILURE TO INVESTIGATE, ETC.

**❊❊❊** 140. IMPORTANTLY, AT THE 11/3 HEARING SMITH AVERRED ON THE RECORD THAT 'MR. MURPHY IS ATTEMPTING TO HAVE HIS CASE DISMISSED VIA PC 1389; AND SPECIFICALLY DECLARED "I WON'T ALLOW THAT TO HAPPEN." (SEALED 11/3 MARSDEN RECORD)

141. HEALY AGAIN BLATANTLY WILLFULLY & KNOWINGLY ABUSED HIS DISCRETION WHEN RULING THAT THE PLTF FAILED TO DEMONSTRATE GOOD CAUSE TO REMOVE SMITH.

142. ON 11/3 THE PLTF WAS ACUTELY AWARE THAT NEITHER HE NOR FRYE WOULD BE ABLE TO FILE A MERITORIOUS MOTION TO DISMISS UNDER 1389 DUE TO SMITH BEING COUNSEL OF RECORD. MOREOVER SMITH HAD FAILED ENTIRELY TO TAKE ANY ACTION IN PLTFS DEFENSE, THEIR RELATIONSHIP WAS TOXIC ... AND, ACCORDINGLY, THE PLTF FELT COMPELLED TO MOVE THE COURT TO REPRESENT HIMSELF.

**❊** 143. AT THE 11/3 HEARING THE PLTF EXECUTED AN 'EYES WIDE OPEN' FARETTA WAIVER, ANSWERED ALL OF THE COURTS INQUIRIES APPROPRIATELY, ALO ASKED TO REPRESENT HIMSELF.

(15)

✱ 149. ON 11/9/23 @ 10:33 A.M. SMITH SENT FRYE AN EMAIL STATING "I DO APPRECIATE YOUR DECLAR-ATION REGARDING THE MAILBOX AS I DO BELIEVE THE COURT WOULD GET NOTICE AT THAT ADDRESS. I AGREE WITH YOU THAT I DO BELIEVE THAT THE FACT THAT THE MAIL DID GET FORWARDED. I AGREE THAT THE MAIL DID GET FORWARDED. AND YOUR COMMENTS, AS WELL AS DECLARATION. SHOULD BE PART OF THE MOTION. I FEEL THAT WOULD SIGNIFICANTLY HELP HIS CASE." "I APPRECIATE YOUR MOTION AND WILL REVIEW IT AND GET BACK TO YOU."

✱✱ 150. ON 11/9/23 @ 7:14 P.M. FRYE EMAILED SMITH A 'FINAL VERSION' OF THE MTD (AS AN ATTACHMENT) WITH INSTRUCTIONS TO SMITH PLEASE SUBMIT NO LATER THAT TUESDAY, PREFERABLY MONDAY 11/13." "I WILL SEND YOU A DECLARATION IN THE MORNING."

✱✱ 151. ON 11/9/23 @ 8:57 P.M. FRYE SENT SMITH AN EMAIL STATING "HERE IS MY DECLARATION CONCERNING THE DEMAND." WITH 'DECLARATIONATTACH-CFRYE.PDF' ATTACHED

✱✱✱✱ 152. SMITH HAD PROOF READ, EDITED (WITH CHANGES), ENDORSED, AND FILED PTF'S MTD ON 11/13/23 AND INTENTIONALLY FAILED TO INCLUDE/ATTACH THE CRITICALLY IMPORTANT 'DECLARATION OF CHARLES FRYE IN SUPPORT OF DOUG MURPHY.'

✱✱ 153. SMITH INTENTIONALLY FAILED TO FILE THE DECLARATION TO SABOTAGE PTF'S MTD, AS PROMISED ON 11/3/23 "I WON'T ALLOW THAT TO HAPPEN."

⊙

154. THE COVER/FIRST PAGE OF PITF'S 11/13 MTD DISPLAYS SMITHS SIGNITURE, AND PROCLAIMS IMMEDIATELY ABOVE "THIS MOTION IS MADE BASED ON THE ATTACHED POINTS AND AUTHORITIES, DECLARATION OF CHARLES FRYE, ETC."

✱ 155. PITF. SPEAKS TO SMITH By PHONE ON 11/14/23. SMITH INFORMS PITF THAT 'HE' FILED THE MTD.

156. THE PITF. WAS UNAWARE THAT THE DECLARATION WAS NOT FILED WITH THE MTD ON 11/8.

157. 28TH CRT: 11/17/23- TRC, CONT'D TO 11/22 TO ARGUE MTD.

158. IAD/1389 TIME TOLLED UPON FILING THE MTD ON 11/13.

159. 29TH CRT: 11/22/23 - HEALY VACATES 11/29/23 TRIAL DATE. CLAIMS MORE TIME IS NEEDED FOR THE COURT TO REVIEW AND CONSIDER THE BRIEFS. COURT NOTES THAT IT HASN'T RECEIVED PITF'S/FRYE'S DECLARATION RE: MAILROOM.

160. IMPORTANTLY, BETWEEN THE TWO CLOWNS REPRESENTING HIM' THE PITF WAS NEVER PROVIDED WITH A COPY OF THE MAILROOM DECLARATION UNTIL LATE FEB., 2024. I.e., THE PITF WAS NOT AWARE EXACTLY HOW POWERFUL, EFFECTIVE, DETAILED, AND POIGNANT THE 5 Pg DOCUMENT (3 Pg's OF PHOTOGRAPHS) WAS UNT.I APPROX 2/20/24.

* 161. 30TH CRT: 12/1/23- HEALY RULES 1389 ART.IV
DOES NOT APPLY; COURT NEVER RECEIVED 1389 ART III
CERTIFIED MAIL NOTICE (ON 4/24/03 OR AT ANYTIME);
STACIE LINK NOT COURT EMPLOYEE OR AGENT; ART III
NOTICE SENT TO 'BAD' ADDRESS; CREATES IMPLICIT EXCEPTION
TO ART III AND STATES COURT RECEIVED CONSTRUCTIVE NOTICE
ON 6/7/23 (WHEN HEALY & DA ENDORSED IAD/1389 FORM
VII; ONLY ART III COUNTS; 180 NOTICE BEGINS ON
6/7/23 (= 12/4/23).

* 162. HEALY'S IDIOTIC RULING IS INCOMPETENT OR
WILLFUL MALFEASANCE AND IS ENTIRELY UNSUPPORTED
IN ANY PERMISSIBLE RANGE OF AUTHORITIES.
THERE IS/CAN BE NO IMPLICIT EXCEPTION TO
THE CERTIFIED MAIL NOTICE REQUIREMENT PRESCRIBED
IN THE UNAMBIGUOUS LANGUAGE OF ART III(b) AS A
CLEAR MATTER OF LAW.

* 163. ON 12/1/23 HEALY ALSO RULED THAT THE ENTIRETY
OF THE TIME PLTF. WAS WITHOUT COUNSEL TOLLED
THE IAD/1389 TIME. I.e, HEALY SPECIFICALLY RULED
THAT, AS OF 12/1/23, A TOTAL OF 85 DAYS HAD
TOLLED.

* 164. 'PEOPLES RESPONSE TO DEF. MTD' FILED BY
D.D.A. DANA PFEIL IS REPLETE W/ WILLFUL MISREPRESEN-
TATIONS/LIES DESIGNED TO DEPRIVE PLTF OF HIS
CIVIL RIGHTS.

* 165. PFEIL'S 11/22/23 RESPONSE CLAIMS THAT ON 8/4/23
A MARSDEN HEARING OCCURRED AND WAS GRANTED          —

(19)

**✱✱** 165. (CONT.'D) REMOVING THE P.D (FIEMING) AS COUNSEL. THIS IS A LIE. FIEMING MOVED THE COURT TO WITHDRAW FOR CONFLICT.

**✱✱** 166. PFEIL DELIBERATELY LIES AGAIN STATING THAT THE CW WAS APPOINTED P.O. APRIL MSBEL ON 8/15/23. THE CW WAS APPOINTED P.O. LEIGH FIEMING ON 8/15/23.

**✱✱** 167. THE PLTF'S CW IS AWAITING TRIAL ON MULTIPLE FELONY CHARGES. THE CW HAS HAD THREE (3) APPOINTED ATTORNEYS SUBSEQUENT TO HER ARREST IN JUNE, 2023. ALL THREE OF CW'S ATTY.'S WORKED FOR THE PLTF. FIRST/PRIOR TO APPOINTMENT TO CW.

168. PLTF'S FIRST P.O. (FIEMING) WITHDREW FROM PLTF.'S CASE ON 8/4/23 SUBSEQUENT TO PLTF DETAILING THE ENTIRETY OF HIS ACTIONS/DEFENSE AND THEN ACCEPTED APPOINTMENT TO CW ON 8/15/23 .... ONLY WITHDRAWING FOR CONFLICT SUBSEQUENT TO PLTF'S ATTY/FRIEND INFORMING HER THAT SHE'LL GET INTO SERIOUS TROUBLE.

169. CALAVERAS COUNTY KNOWINGLY & WILLFULLY PROMULGATES AN UNLAWFUL PRACTICE OF ALLOWING CONFLICTED ATTY'S TO CONTINUE IMPROPER REPRESENTATION.

170. IN PFEIL'S 11/22 'PEOPLES RESPONSE TO DEF.'S MTD, DECLARATION SHE WILLFULLY LIES AND CLAIMS THAT THE STATES CW WAS REPRESENTED BY P.D. APRIL ASBEI AUGUST-SEPTEMBER, 2023. THAT IS AN INTENTIONAL EFFORT (LIE) TO HIDE THE FACT THAT PITF'S FORMER P.D. (FLEMING) WAS APPOINTED TO CW KNOWING THERE WAS A STARK CONFLICT.

✱ 171. 31ST CRT: 12/4/23- HEALY SETS NEW TRIAL DATE FOR 2/13/24. SMITH OBJECTS ON THE RECORD TO DATE FOR IAD/1389 PURPOSES.

172. IN THE INTERIM PERIOD BETWEEN 12/4/23- 12/22/23 SMITH CONDUCTED NO INVESTIGATION WHATSOEVER, REQUESTED NO SUBPOENAS NOR FUNDS FOR AN EXPERT OR INVESTIGATOR.

173. PITF PREPARED A (28 PAGE COMPREHENSIVE WRITTEN MARSDEN MOTION PLEADING WITH SPECIFICITY THAT SMITH HAD CONTINUOUSLY LIED TO THE COURT, TO THE PITF, HAD DONE NO WORK ON PITF'S CASE AND WAS MISREPRESENTING TO THE COURT THAT HE WAS (AND AT ALL TIMES HAD BEEN) PREPARED FOR TRIAL.

172. 32ND CRT: 12/22/23- TRC, PITF, IN AN ABUNDANCE OF CAUTION/ NOT WANTING TO TOLL OR DISTURB IAD/1389 TIME, OPT'S NOT TO FILE MARSDEN.

173. ON/OR ABOUT 12/27/23 SMITH VISITS PITF AT JAIL. DURING A CONFIDENTIAL MEETING SMITH SPECIFICALLY ASSURES PITF THAT: 1) HE WILL ATTEMPT TO SUBPOENA CW'S MED/PSYCH RECORDS; 2) CW'S CELL PHONE RECORDS; 3) PITF'S CELL PHONE & CGC/BANK RECORDS, ETC

173. (CONT'D) SMITH ASSURES PITF THAT HE WILL REQUEST ALL OF THE INFORMATION THAT PITF HAS BEEN REQUESTING.

174. ON/OR ABOUT 12/27/23 SMITH ASSURES PITF THAT HE WILL MAKE A DISCOVERY REQUEST TO THE DA FOR ALL 1389 MATERIAL.

175. ON/OR ABOUT 12/27/23 SMITH ASSURES PITF THAT HE WILL FILE A MOTION WITH THE COURT TO UNSEAL THE MARSDEN MOTIONS/RECORDS.

176. AS OF AT LEAST 2/8/24 SMITH HAS FAILED TO COMPLETE ANY OF THE FOREGOING ACKNOWLEDGED TASKS.

177. IN A 11/29-11/30 (2023) EMAIL TO SMITH, PITF STATES "I AM RESPECTFULLY REQUESTING YOUR PROMPT COMPLIANCE/REPLY 'IN WRITING' TO THE FOLLOWING REASONABLE REQUESTS FOR INFORMATION." ESSENTIALLY THIS WRITTEN COMMUNICATION IS INQUIRING WHY THERE HAVE BEEN NO REQUESTS FOR SUBPOENA'S; INVESTIGATOR; ETC. SMITH HAS NEVER REPLIED AS REQUESTED.

178. IN A 11/8/23 (2:36 PM) EMAIL FROM FRYE TO SMITH, FRYE REQUESTS SMITH TO OBTAIN HEARING TRANSCRIPTS FOR 6/06, 6/30, 7/14, 8/24, 8/28, 9/12, AND 9/28.

179. IN A 11/9/23 (10:33 AM) REPLY EMAIL FROM SMITH (CIBSLAW2@YAHOO.COM) TO FRYE(CHARLESFRYE LAW@GMAIL.COM) SMITH STATES 'I WILL PUT IN A REQUEST TO THE COURT REPORTER FOR THOSE TRANSCRIPTS.

22

180. SMITH HAS NEVER REQUESTED THOSE TRANSCRIPTS.

181. IN AN EMAIL TO SMITH ON 1/14/24 PLTF AGAIN REQUESTS SMITH TO 12/27/23 COMMITMENT TO OBTAIN 1389 DISCOVERY FROM THE DA. TO DATE SMITH HAS NEVER REQUESTED THE MATERIAL. PLTF ALSO REITERATES HIS INSTRUCTION FOR SMITH TO FILE A MOTION TO COMPEL DISCOVERY, AND UNSEAL THE MARSDEN RECORDS

182. IN AN EMAIL TO SMITH ON 1/23/24 PLTF STATES "YOUR CONTINUED FAILURES/REFUSAL TO COMMUNICATE WITH ME IS UNACCEPTABLE. IT IS URGENT THAT WE SPEAK ASAP. I NEED TO DETERMINE WHAT ACTION(S), IF ANY, YOU'VE TAKEN IN INVESTIGATING/PROSECUTING MY DEFENSE. SMITH FAILED TO REPLY.

**  183. ON OR ABOUT 2/3/24 (IN ADVANCE OF THE SCHEDULED 2/8 TRIAL CONFIRMATION HEARING) SMITH & PLTF HAVE A 'DOCUMENTED' PHONE CALL WHEREIN SMITH CANDIDLY & PROFUSELY APOLOGIZES TO PLTF STATING "I'M SORRY, I HAVEN'T HAD THE TIME TO WORK ON YOUR CASE. I'VE BEEN TOO BUSY!" SMITH GOES ON TO STATE THAT WE NEED MORE TIME. I WILL SUBPOENA ALL OF THE RECORDS YOU WANTED, WE'LL ALSO GET AN EXPERT. IMPORTANTLY, SMITH INFORMS PLTF THAT THE SHERIFFS HAVE LOCATED AND INTERVIEWED A CRUCIAL DEFENSE WITNESS AND HIS WIFE AND THEY CORROBORATE EVERYTHING THE PLTF HAS BEEN SAYING AND DEBUNK THE ACCOUNT & CREDIBILITY OF THE CW

\#\#

184. ON/OR ABOUT 2/3 ON THIS SAME CALL SMITH INFORMS PITF THAT HE NEEDS MORE TIME TO PREPARE, INFORMS PITF THAT HE (SMITH) WILL REQUEST, AND OBTAIN, A 2-3 MONTH CONTINUANCE, AND ASSURES PITF THAT THERE WILL NOT BE A TRIAL BEGINNING ON 2/13/24 AS SCHEDULED.

185. ON/OR ABOUT 2/3 SMITH CALLS PITF'S SISTER (LYNNE WILKINS) AND ALSO INFORMS HER THAT THERE WOULDN'T BE A TRIAL ON 2/13. DURING THIS CALL SMITH ALSO COMPLIMENTS THE PITF'S LEGAL ACUMEN & INTELLECT.

186. IN AN EMAIL TO HIS SISTER DATED 2/4, PITF. INFORMS HIS SISTER THAT HE SPOKE WITH SMITH AND SMITH CANDIDLY ADMITTED HE'S DONE NOTHING TO PREPARE FOR HIS CASE.

187. IN AN EMAIL TO SMITH DATED 2/4/24 PITF. STATES " SUBSEQUENT TO OUR PHONE CONVERSATION YESTERDAY (2/3), WHEREIN YOU UNEQUIVOCALLY REITERATED/CONFIRMED THE INFORMATION BELOW AS FACTS... I INSIST/DEMAND THAT YOU WITHDRAW YOUR APPEARANCE FOR BLATANT MISCONDUCT, CLIENT ABANDONMENT, AND MULTIPLE CONFLICTS OF INTERESTS.

1) THERE'S BEEN NO PROGRESS WHATSOEVER IN PREPARATION.

2) ENTERED INTO A PROFESSIONAL PARTNERSHIP WITH NATHAN NUTTING

3) I'VE FILED A 42 USCA 1983 CMPLT.

4) PITF WITHDRAWS HIS CONSENT (AGAIN) DISALLOWING SMITH TO DISCUSS HIS CASE WITH ANYONE.

(24)

188. IN AN EMAIL TO SMITH DATED 2/5 PITF:
REQUESTS SMITH TO 1) ADHERE TO PITF'S & FRYE'S EARLIER
REQUESTS TO OBTAIN COURT TRANSCRIPTS & MOVE THE COURT
TO UNSEAL MARSDEN RECORDS; 2) PROVIDE PITF WITH A
COPY OF ALL DISCOVERY, COPY OF ALL OF PITF'S ELECTRONIC
CORRESPONDENCE, PROVIDE COPY OF FRYE'S 'MAIL ROOM
DECLARATION;' 3) INSTRUCTS SMITH TO INFORM THE COURT
ON 2/8 THAT THERE HAVE BEEN NO SUBPOENAS, REQUESTS
FOR EXPERT, INVESTIGATOR, WITNESS INTERVIEWS, ETC, THAT
SMITH HAS RECENTLY ACCEPTED OVER 400 NEW CASES
AS PUBLIC DEFENDER IN TUOLUMNE CO; AND 4) THAT
PITF & SMITH HAVE IRRECONCILABLE CONFLICTS.

189. IN AN EMAIL TO SMITH DATED 2/6 PITF INSTRUCTS
SMITH TO IMMEDIATELY INFORM THE COURT ON 2/8
THAT PITF HAS WITHDRAWN HIS CONSENT/ASSERTED PRIVILEGE
NOT TO SPEAK TO THE COURT OR DA OUTSIDE OF PITF'S
PRESENCE.

190. SMITH DOES NOT RESPOND OR COMMUNICATE WITH
PITF PRIOR TO 2/8 HEARING.

**X X**
**33rd CRT -**
**2/8/24**

191. AT THE OUTSET OF PITF'S 2/8/24 TRIAL CONFIRMATION
HEARING, SMITH PASS'S PITF A HAND WRITTEN NOTE
ADVISING "YOU MAY WANT TO 170.6 THIS JUDGE,
HE DENIED OUR EXPERT REQUESTS." I.E. SMITH WAS
ADVISING HIS CLIENT TO ACT/PEREMPTORY CHALLENGE JUDGE
SUITS.

192. PITF ASSERTS A VERBAL 170.6 MOTION, WHICH IS
ULTIMATELY DENIED AS UNTIMELY.

(25)

\*\*\*

193. ON 2/8/24 PLTF ALSO STRUGGLED TO FILE A FORMAL WRITTEN COMPREHENSIVE MARSDEN WITH NEWLY ASSIGNED JUDGE SUITS. AT FIRST SUITS CLAIMS THAT HE DOES NOT HAVE TO, NOR DOES HE WANT TO, ACCEPT PLTF'S WRITTEN MOTION. PLTF CITES CONTROLLING DICTUM LAW AND SUITS THEN STATES THE PLTF CANNOT FILE WRITTEN MARSDEN WITHOUT WAIVING HIS 5TH AMEND RIGHT(S) AGAINST SELF-INCRIMINATION.

194. SUITS IS EITHER INCOMPETENT IN CURRENT PREVAILING DIRECTLY ON POINT CONTROLLING LAW, OR WILLFULLY MISREPRESENTED SAME IN AN EFFORT TO PREVENT PLTF FROM ADDRESSING HIS MERITORIOUS MARSDEN ISSUES. SEE PEOPLE V. KNIGHT, 239 CAL APP 4TH 1 (2015) (COURT REVERSED LOWER COURT FOR INFORMING THE DEF. THAT HE MUST WAIVE 5TH TO FILE MARSDEN) SUITS FORCES PLTF TO WAIVE HIS 5TH AMEND. RIGHT ON THE RECORD BEFORE THE COURT WILL ACCEPT/FILE PLTF'S MARSDEN.

195. PLTF HAS ASSERTED/MAINTAINED HIS ACTUAL INNOCENCE FROM THE OUTSET OF HIS CASE, AND AGREES TO WAIVE HIS 5TH RIGHT ON THE RECORD TO BE ABLE TO FILE THE MOTION. PLTF FILES/COURT ACCEPTS MOTION.

196. PLTF'S MARSDEN IS A COMPREHENSIVE, DETAILED POIGNANT ACCOUNT OF SMITHS INEFFECTIVENESS, FAILURE TO INVESTIGATE, COMMUNICATE AND THE COURTS PROCLIVITY TO ABUSE ITS DISCRETION IN FAILING TO ADEQUATELY INQUIRE.

2c

196. (CONT.'D) INTO PITF'S SPECIFIC COMPLAINTS
PLED WITH SPECIFICITY.

197. Suits OPINES THAT 1) JUST BECAUSE THE CW MAY
BE SCHIZOPHRENIC THAT DOESN'T PRECLUDE HER FROM BEING
A VICTIM; 2) HE WOULD DENY ACCESS TO HER MEDICAL
RECORDS ANYWAY; 3) NO EXPERTS ARE NEEDED; 4) IT'S
BASICALLY A 'HE SAID / SHE SAID' CASE — NO WITNESSES
NEEDED, ETC.   SUITS DENIES MARSDEN AND
CONFIRMS TRIAL BEGINS ON 2/13/24.

**\* \ \*** 198. 34TH CRT: 2/13/24- PITF. DRESSED IN REGULAR
CLOTHES FOR TRIAL. PITF. NOT PERMITTED TO ENTER
COURTROOM. INSTEAD PRESENTED 'BEHIND THE GLASS.'
Smith AVERS DOUBT AS TO PITF'S COMPETENCE (ABILITY
TO PROCEED TO TRIAL!

**\*** 199. IMMEDIATELY SUBSEQUENT TO THE FALSE START
TRIAL/HEARING, Smith MEETS WITH PITF IN ATTY-CLIENT
(BETWEEN THE GLASS) ROOM AND INFORMS PITF THAT
'THE WHOLE JAIL KNOWS!' PITF RETORTS, 'KNOWS WHAT?'
Smith INFORMS PITF. THAT ALLEGEDLY PITF HAS BRAGGED
ABOUT PUNCHING Smith IN THE FACE, THAT THERE'S A
POLICE REPORT, AND THAT HE'LL PROVIDE THE REPORT TO
D PITF. PITF IMMEDIATELY AVERS THAT THIS ALLEGATION
IS UNTRUE. PITF HAS NEVER TOLD ANYONE EVER
THAT HE WAS PLANNING ON, OR WOULD, ASSAULT
Smith.

200. IMPORTANTLY, THE PLTF. IS REASONABLY WELL LIKED & RESPECTED BY JAIL STAFF. IMMEDIATELY SUBSEQUENT TO THIS HEARING THE PLTF INQUIRED TO NUMEROUS OFFICERS IF THEY KNEW ANYTHING ABOUT THIS ALLEGED THREAT. NO ONE HAD HEARD, OR KNEW ANYTHING ABOUT IT.

201. THE PLTF IS NOT UNDER ANY TYPE OF HEIGHTENED SECURITY MEASURES AT THE JAIL WHATSOEVER.

201. SMITH HAD DECLARED DOUBT AS TO PLTF.'S COMPET-ENCE ON 2|8 S|S| DUE TO THE FACT THAT SMITH WAS NOT PREPARED FOR TRIAL

202. SMITH DECLARED DOUBT AS TO PLTF.'S COMPETENCE ON 2|8 DUE TO THE FACT THAT PLTF. HAD ANNOUNCED TO SMITH IN EARLY FEB THAT HE WOULD NOT WAIVE 1389 TIME, ALSO SMITH COULD NOT GO BACK ON HIS UNLAWFUL BACKROOM DEAL WITH HEALY TO NOT ALLOW THE PLTF TO OBTAIN A DISMISSAL PURSUANT TO 1389 V(c)

203. DURING PHONE CALLS TO PLTF. SISTER ON/OR ABOUT 2|4|24 & 2|11|24, SMITH SPECIFICALLY COMPLIMENTED PLTF.'S LEGAL ACUMEN.

203. IN SMITHS/PLTF.'S 11/13/23 MTD, SMITH STATES "HERE THE DEFENDANT REPEATEDLY DISPLAYED REMARKABLE LEGAL ACUMEN;" "THE DEF. CLEARLY HAS INTELLIGENCE FAR ABOVE THAT OF THE COMMON MAN AND AS SUCH IS IN A POSITION TO REPRESENT HIMSELF AT TRIAL." "INDEED, ARGUABLY, AT TIMES HE DISPLAYED A HIGHER UNDERSTANDING OF PC1389 THAN THE STATE."

28

204. THE PLTF PURCHASED THE '2023 CALIFORNIA CRIMINAL RULES OF COURT' IN APRIL, 2023, AND IS FAMILIAR WITH SAME.

205. IN AN EMAIL TO SMITH DATED 2/14/24, PLTF SPECIFICALLY REQUESTED THAT SMITH INFORM HIM 'SPECIFICALLY' IF THE COURT IS PROCEEDING PURSUANT TO 4.130(d)(1)(A) OR (B) WITH REGARD TO THE COMPETENCY PROCEEDING. SO HE CAN MAKE AN INFORMED DECISION. SMITH FAILED TO RESPOND.

206. ON 2/26/24 THE PLTF MAILED A COMPREHENSIVE MARSDEN MOTION w/MEMORANDUM OF LAW TO SMITH TO FILE ON 3/15. SMITH FAILED/REFUSED TO FILE MOTION. PLTF ALSO INFORMS SMITH THAT HE AND HIS PARTNER (NUTTING) ARE BEING NAMED AS DEFENDANTS IN THE INSTANT (HYBRID) 1983/STATE MALPRACTICE CMPLT.

207. FRYE FILED PLTF'S PETITION FOR A WRIT OF PROHIBITION/MANDATE ON 1/26/24 IN THE COURT OF APPEALS/3rd DISTRICT AT NO. C100339. FRYE'S INITIAL ATTEMPT CLAIMED THAT THE PETITION WAS ALSO/ALT FILED/WAS A HABEAS CORPUS. THE APPELLATE CLERK NOTED THAT THE PETITION WAS FILED WITH DEFICIENCIES: 1) LACK OF BOOKMARKING; 2) LACK OF PAGINATION; 3) LACK OF COVER PAGES, ETC. FRYE WAS FORCED TO SEND A LETTER TO THE COURT CLARIFYING THAT THE PETITION SHOULD BE FILED AS MANDATE OR PROHIBITION.

208. FRYE'S 1/26 PETITION CONTAINED A MYRIAD OF SIGNIFICANT LEGALLY MEANINGFUL ERRORS.

29

209. 1/26 PETITION (C100339) PAGE 2 CLAIMS THAT RESPONDENT IS SUPERIOR COURT OF SAN JOAQUIN.

210. PAGE 10 MISTATES ART III OR ART IV REQUIRE DISMISSAL "WITHOUT PREJUDICE." THE ONLY REMEDY FOR DISMISSAL OF A STATE CHARGE IS DISMISSAL WITH PREJUDICE.

211. PAGE 10 MISTATES ART III DATE OF CERT. MAIL NOTICE AS 4/25/23 (THE CORRECT DATE IS 4/24/23). THE DATE CA LODGED DETAINER WITH CT IS MISTATED AS 4/7/23 (THE CORRECT DATE IS 4/5/23)

212. PAGE 12 UNDER "GROUNDS FOR IMMEDIATE STAY AND IMMEDIATE RELIEF" STATES "INDICTMENT THAT MUST BE DISMISSED 'WITHOUT PREJUDICE.'

213. PAGE 21, UNDER "STATUTORY CONSTRUCTION" FRYE CLAIMS "IT IS THEREFORE NECESSARY TO REVEIW THE PURPOSES UNDERLYING THE INTERSTATE AGREEMENT ON DETAINERS AND HOW THEY RELATE TO DETAINERS BASED ON "CHARGES OF PROBATION VIOLATION." (THE IAD MAY NOT BE USED TO ADDRESS DETAINERS BASED ON PROBATION OR PAROLE VIOLATIONS IN ANY CIRCUMSTANCE FOR ANY REASON. THIS IS WELL SETTLED BRIGHTLINE LAW)

214. THESE SIGNIFICANT UNFORCED STARK ERRORS CONTINUE THROUGHOUT THE PETITION AND ARE A DIRECT RESULT OF INCOMPETENCE, AND CONSTITUTE LEGAL MALPRACTICE.

215. FRYE'S PETITION WAS INCOMPETENT / LEGAL MALPRACTICE ON ITS FACE

216. FRYE FAILED TO ENSURE THAT HIS CRITICALLY IMPORTANT 'MAILROOM DECLARATION' WAS ACTUALLY FILED ON 11/22 11/13/23.

217. FRYE FAILED TO FILE THE MAILROOM DECLARATION WITH THE COURT ON 11/22 AS A RESULT OF INCOMPETENCE.

218. FRYE FAILED TO FILE THE MAILROOM DECLARATION AT THE 12/1/23 MTD HEARING AS A RESULT OF INCOMPETENCE AND/OR A WILLFUL DESIRE TO SABOTAGE PLTF'S 1389 MTD/CLAIM.

219. HEALY CONTINUALLY INQUIRED INTO THE LACK OF DECLARATION AND LACK OF ANY EVIDENCE PRESENTED SUPPORTING PLTF.'S CONTENTION AND PLEADINGS THAT THE COURT RECEIVED THE IAD PACKAGE SIGNED FOR BY STACIE LINK ON 4/24/23. FRYE WAS INCOMPETENT BY DEFINITION IN FAILING TO ADDRESS THE MISSING MAILROOM DECLARATION.

220. FRYE & SMITH HAD COURT APPEARANCES ON 11/13, 11/22, AND 12/1 TO ADDRESS AND REMEDY THE MISSING CRUCIAL MAILROOM DECLARATION.

221. PLTF. WAS FORCED TO SEEK, AND RETAIN, SEPERATE COUNSEL TO PROSECUTE HIS IAD/1389 ISSUE(S) DIRECTLY DUE TO SMITH'S INEFFECTIVENESS, LACK OF DILIGENCE, LACK OF ZEALOUS ADVOCACY.

222. Smith willfully, purposefully, deliberately, and knowingly sabotaged PITF's IAD/1389 MTD to honor his unlawful commitment to Healy on 11/3 "I won't allow that to happen."

223. Prior to arriving in California on 6/23/23, PITF had forwarded multiple pro se motions to the court with concurrent service (with proof of service) to the DA. These motions are allegedly absent from the court's/PITF's file, and the DA has failed to produce or acknowledge receipt, these documents.

224. On 3/17/23 PITF mailed/attempted to file a properly formatted pro se motion titled 'Defendants Entry of Appearance Pro se.' with concurrent service to the DA. This document appears never to have been filed by the court/appears to be absent from the courts/PITF's case file.

225. The DA has refused to supply or acknowledge receipt of the document at 224.

226. The document at 224 specifically pleads that he will be demanding to be returned to CA via an IAD demand (3/17/23 motion at 4.) the court and the DA deny receipt of this document in a knowing & willful effort to subjugate PITF's civil rights.



227. PITF MAILED/ATTEMPTED TO FILE "DEFENDANTS PRAECIPE TO THE COURT TO COMPEL THE STATE TO PROVIDE ALL DISCOVERY TO THE SELF-REPRESENTED DEFENDANT." ON 3/17/23. THE COURT AND THE DA DENY RECEIPT OR KNOWLEDGE OF SAME.

228. ON 4/10/23 PITF MAILED A PROFESSIONALLY FORMATTED "BUSINESS" LETTER REFERENCING "STATE V. DOUGLAS MURPHY, NO. 22F0546" TO D.D.A. PETER SMITH. THE DA'S OFFICE HAS FAILED TO PRODUCE OR ACKNOWLEDGE THIS DOCUMENT. THIS LETTER STATES THAT PITF WILL BE INVOKING HIS SPEEDY TRIAL RIGHTS.

229. PITF'S 3/17/23 MOTIONS INCLUDED A SEPERAT COVER LETTER TO THE CLERK, AS WELL AS A COPY OF A LETTER TO THE DA'S OFFICE. THESE DOCUMENTS APPEAR TO HAVE DISAPPEARED.

230. THE FOREGOING PLEADINGS AT 225-230 INDICATE DEFENDANTS WILLFUL ATTEMPTS TO DENY PITF ACCESS TO THE COURTS.

231. THE DEFENDANTS KNOWINGLY PROMULGATE AN UNLAW-FUL PRACTICE TO DENY ACCESS TO THE COURTS

232. ON 8/4/23 PITF ATTEMPTED TO FILE A WRITTEN MARSDEN WITH HEALY. ON THE RECORD HEALY TRIED TO BALK ABOUT ACCEPTING A WRITTEN MOTION. PITF INSISTED AND HEALY STATED THAT THE COURT WOULD FILE PITF'S PRO SE MOTION, AND INSTRUCTED THE PITF TO PASS THE MOTION TO THE CLERK FOR FILING. HEALY ALSO PROMISED PITF "FILE STAMPED" COPY.

(33)

232(CONT.'D) PITF PASSED UP THE MOTION. THE MOTION DISAPPEARED NEVER TO BE SEEN AGAIN. THIS IS REFLECTED ON THE RECORD.

**\*\*** 233. ON 8/14/23, ON THE RECORD, PITF INDICATES TO THE COURT THAT HE WISH'S TO 'FILE' DEFENDANTS PRO SE MOTION TO INCLUDE TWO(2) PREVIOUS 'MARSDEN' MOTIONS INTO THE CASE RECORD THAT HAD BEEN IMPROPERLY REFUSED BY THE COURT/CLERK.' HEGAN CLEARLY AGREE'S TO BOTH FILE AND RETURN A FILE STAMPED COPY TO PITF. PITF PASSES UP THE PROPERLY FORMATTED PRO SE 'MARSDEN' RELATED MOTION. THE COURT FAILS TO FILE THE MOTION.

234. PITF'S 8/14/23 MOTION CLEARLY PLEADS THAT THE PREVIOUS MARSDEN MOTIONS THAT WERE NOT FILED A CRITICAL FOR THE RECORD/APPELLATE REVIEW. THIS WAS AN INTENTIONAL DENIED ACCESS TO THE COURTS.

235. ON 2/13/24 THE COURT OF APPEALS ISSUED AN ORDER IN C100339 DIRECTING THE 'PETITIONER' TO FILE THE 'PEOPLE'S RESPONSE TO DEF'S MTD' AND A SUPPLEMENTAL STATUS UPDATE LETTER BRIEF NO LATER THAN 2/20/24.

236. DUE TO FRYE'S READILY APPARENT INCOMPETENT ARGUMENT IN PITF'S 1/26/24 PETITION, THE COURTS FAILURE TO ISSUE THE REQUESTED EMERGENCY STAY, AND THE COURTS 2/13 ORDER, THE PITF FIRES FRYE AND SCRAMBLES TO COMPLY WITH THE COURTS ORDER(S).

84

**\*\***

237. ON 2/19/24 FRYE ~~OVERLIGHTS~~ RETURNS PITF'S C100339 FILE TO HIM. PITF SEES FRYES 11/9/23 'MAIL ROOM DECLARATION' FOR THE FIRST TIME!

238. PITF HAD REPEATEDLY REQUESTED FRYE TO PROVIDE HIM WITH A COPY OF THE MAIL ROOM DECLARATION SINCE IT WAS CREATED 11/9/23.

239. FRYE'S MAIL ROOM DECLARATION IS AN EXTREMELY POWERFUL TWO PAGE WRITTEN DOCUMENT W/ 3 PAGES OF COLOR PHOTOGRAPHS CLEARLY ARGUING/DEMONSTRATING THAT THE SUPERIOR COURT MAINTAINED AND CONSISTENTLY USED A DESIGNATED COURT MAILBOX AT 891 MOUNTAIN RANCH RD.

240. HAD THE PITF BEEN AWARE JUST HOW ACUTELY IMPACTFUL THIS DOCUMENT WAS/IS HE WOULD HAVE INSISTED THAT FRYE AND SMITH MADE SURE IT WAS PROPERLY FILED WITH THE COURT ON 11/13, 11/22 AND 12/1!

241. FRYE PLEADS IN PITF'S 11/6/24 PETITION THAT THIS MAIL ROOM DECLARATION WAS PROVIDED TO COUNSEL OF RECORD TO FILE WITH THE MTD AND THAT COUNSEL FAILED TO DO SO.

242. THE EMAILS BETWEEN FRYE & SMITH REFERENCED HEREIN WERE PROVIDED TO PITF FOR THE FIRST TIME WHEN FRYE RETURNED HIS FILE ON/OR ABOUT 2/19/24. THE PITF WAS COMPLETELY UNAWARE OF THESE COMMUNICATIONS PRIOR TO RECEIVING THEM IN LATE FEB.

✱✱✱ 243. IN AN EMAIL FROM SMITH TO PLTF DATED 3/8/24 SMITH STATES "THE ONLY REASON TO HAVE TO REFILE A MOTION (MTD) IS IF YOUR MOTION IN THE COURT OF APPEALS WAS DENIED. HAS IT BEEN?"

✱✱✱ 244. SMITHS 3/8 EMAIL ALSO STATES "BEFORE A SECOND MOTION (MTD) IS FILED, THERE NEEDS TO BE NEW GROUNDS. HAS THE COURT DENIED YOUR PETITION? IF SO WAS IT BASED UPON THE FACT THAT THERE WAS NO DECLARATION REGARDING THE MAIL ROOM INFORMATION LIKE I TOLD YOU WAS NEEDED?"

✱✱✱ "IF SO, SINCE YOU HAVE NOW FIRED MR FRYE AND ARE NOW SUING HIM WHO IS GOING TO COOPERATE WITH YOU TO GET YOU THIS DECLARATION ON THIS INFORMATION? HOW DO YOU PROPOSE ON GETTING THIS INFORMATION?"

245. SMITH IS INSINUATING THAT HE DOES NOT POSSESS THE DECLARATION EMAILED TO HIM BY FRYE ON 11/9/23 SMITH WAS UNAWARE THAT PLTF WAS IN POSSESSION OF FRYE'S EMAILS TO HIM IN NOVEMBER, 2023.

246. ON 2/26/24 PLTF MAILED SMITH A COMPREHENSIVE MARSDEN MOTION REQUESTING THAT HE ENSURE THAT IT GETS FILED WITH THE COURT. SMITH INTENTIONALLY REFUSED/FAILED TO FILE PLTF'S MOTION.

✱ 247. ON 2/26/24 PLTF MAILED/ATTEMPTED TO FILE HIS MARSDEN MOTION TO THE SUPERIOR COURT CLERK. THE CLERK REFUSED TO FILE PLTF'S MOTION AND RETURNED it TO HIM.

57)

248. PLTF SENT SMITH AN EMAIL DATED 3/7/24 STATING THAT THE CLERK HAD REFUSED TO FILE/RETURNED HIS MARSDEN MOTION, AND SPECIFICALLY INSTRUCTED SMITH TO FILE IT. SMITH INTENTIONALLY REFUSED/ FAILED TO FILE PLTF'S MOTION.

249. PLTF HAS REPEATEDLY PROVIDED SMITH WITH DICTUM/CONTROLLING 1389 LAW DEMONSTRATING THAT A MTD WOULD BE MERITORIOUS, AND THAT AN ① ADDITIONAL TIME FROM 12/1/23-2/13/24 HAS TRANSPIRED UNTOLLED WHICH ALSO QUALIFIES AS A MERITORIOUS ISSUE/MTD. SMITH FLATLY REFUSES TO FILE A NEW MTD.

250. 35TH CRT: 3/15/24- PLTF 'BEHIND THE GLASS.' SUPPOSED 'TRIAL SCHEDULING CONFERENCE' SMITH HAD NEVER RESPONDED TO PLTF'S MULTIPLE REQUESTS FOR LEGAL ADVICE ON HIS RIGHTS/HOW TO PROCEED WITH PURPORTED COMPETENCY PROCEEDING. TSC NOT HELD. HEALY INITIALLY ATTEMPTS TO DISSUADE PLTF FROM FILING WRITTEN MARSDEN MOTION.

251. - 3/15/24- PLTF FILES COMPREHENSIVE MARSDEN MOTION WITH EXHIBITS A-I. PLTF FILES ORIGINAL (UNFILED) 2/13 MARSDEN AND 'DEFENDANTS SUPPLEMENTAL (2/13/24- 3/15/24) MARSDEN MOTION AND DECLARATION IN SUPPORT w/EXHIBITS' EXHIBIT A) FRYE & SMITHS 11/9/24 EMAILS REFERENCED HEREIN; B) FRYE'S PLEADING IN 11x20/24 PETITION STATING THAT SMITH DID NOT ATTACH MAILROOM DECLARATION TO MTD; C) FRYE'S 1/26 PLEADING STATING HE HAS TWICE REQUESTED SMITH TO OBTAIN RECORDS WITHOUT SUCCESS;

(38)

251. (CONT'D) D) PITF'S BAR CMPLT AGAINST SMITH, NO 23-O-25375 DATED 11/6/23; E) FRYE'S 'MAIL ROOM' DECLARATION; F) SMITHS 2/8 HAND WRITTEN NOTE TO PITF TELLING HIM TO '170.6 THIS JUDGE;' G) PITF'S COVER LETTER TO THE CLERK FOR HIS MARSDEN MOTION STAMPED 'RECEIVED 2/29/24; H) 1983 CAPTION PAGE; I) SMITHS 3/8 EMAIL TO PITF INQUIRING 'HOW DO YOU PROPOSE TO OBTAIN MAILROOM DECLARATION'

\* 252. PITF'S WRITTEN MARSDEN COMPREHENSIVELY PLEADS WITH SPECIFICITY SMITHS COUNTLESS VIOLATIONS OF THE RULES OF PROFESSIONAL CONDUCT. PITF ALSO OFFERS ORAL ARGUMENT SUPPORT THE INEFFECTIVE ASSISTANCE OF COUNSEL AND DEEPLY EMBROILED CONFLICTS.

\* 253. IN RESPONSE TO PITF'S COMPLAINTS, SMITH STATES ON THE RECORD THAT: 1) DESPITE HIS/SOLE ENDORSEMENT ON THE TITLE PAGE, AND PROOF READING THE WRIT, HE HAD NOTHING TO DO WITH IT AND IS NOT RESPONSIBLE FOR ANY SHORTCOMINGS; 2) HE WAS NOT RESPONSIBLE FOR FILING THE MAILROOM DECLARATION; 3) THAT PITFS VERSION OF EVENTS IN HIS CRIMINAL MATTER (HIS DEFENSE) COULD NOT HAVE POSSIBLY HAPPENED THE WAY PITF CLAIMS!

354. PITF AGAIN CITED/COMPLAINED THAT SMITHS PARTNER NUTTING, WAS THE STATE CW'S ATTORNEY AND THERE WAS A CONFLICT. SMITH REPLIES THAT THEY ARE ONLY IN A PARTNERSHIP TO SECURE THE P.D. CONTRACT AND THERE IS NO CONFLICT.

(39)

355. HEALY DISREGARDS PLTF'S VOLUMINOUS COMPLAINTS AND KNOWING DENIES THE PLTF ACCESS TO SUBSTANTIVE ASSISTANCE OF COUNSEL. HEALY DENIES PLTF'S MARSDEN MOTION

356. SMITH IS DEMONSTRABLY MOTIVATED TO HAVE THE PLTF CONVICTED IN AT LEAST SOME OF HIS CRIMINAL CHARGES OUT OF ANIMUS AND COLLUSION WITH THE SUPERIOR COURT AND DISTRICT ATTORNEY'S.

357. CALAVERAS BOARD OF SUPERVISOR(S) (DEFENDANTS) EACH HAVE (KNOWN) FOR YEARS THAT THE INSUFFIC- IENT NUMBER OF PUBLIC DEFENDER AND CONFLICT ATTORNEYS ROUTINELY RESULT IN CRIMINAL DEFENDANTS BEING DENIED THEIR CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF CONFLICT FREE COUNSEL.

358. DEF. JONES ENTERED INTO A CONSPIRACY WITH SMITH AND PFEIL TO PREVENT PLTF FROM OBTAINING RELIEF VIA HIS 11/13 MTD.

359. JONES HID THE FACT THAT SMITH HAD GIVEN HIM THE MAILROOM DECLARATION AND INTENTIONALLY KEPT THE DECLARATION FROM THE COURT.

360 JONES WAS IN POSSESSION OF THE MAILROOM DECLARATION SINCE 11/13/23.

360. YOOK WAS AT ALL TIMES AWARE THAT THE PLTF'S RIGHTS WERE BEING VIOLATED VIA THE DA'S OFFICE AND THE COURTS UNLAWFUL PROMULGATED POLICIES.

(40)

361. AS YET TO BE IDENTIFIED/NAMED SUPERIOR COURT CLERKS ARE COMPLICIT IN HIDING THE FACT THAT PLTF'S 4/24/23 IAD PACKAGE WAS RECEIVED AND FILE STAMPED AS SUCH.

362. AS YET TO BE IDENTIFIED/NAMED SUPERIOR COURT CLERKS ARE COMPLICIT IN FAILING TO FILE HIS LAWFUL PRO SE MARSDEN MOTIONS.

363. AS YET TO BE IDENTIFIED/NAMED SUPERIOR COURT CLERKS ARE COMPLICIT IN FAILING TO INCLUDE PLTF'S PRO SE COMMUNICATIONS TO THE COURT FROM CT PRIOR TO 6/23/23 INTO HIS CASE FILE.

364. AS YET TO BE IDENTIFIED/NAMED SUPERIOR COURT CLERKS KNOWINGLY PROMULGATE AN UNLAWFUL PRACTICE OF INTENTIONALLY DENYING CRIMINAL DEFENDANTS ACCESS TO THE COURT.

365. THE CLERKS OFFICE KNOWS OR SHOULD KNOW THAT CLERKS ARE REQUIRED BY LAW TO FILE PRO SE MARSDEN MOTIONS.

## IV. CAUSE(S) OF ACTION:

366. AS A PRELIMINARY AND QUALIFYING STATEMENT, AND SUFFICE IT TO SAY, THE INSTANT COMPLAINT IS CONVOLUTED & COMPLEX. ACCORDINGLY, THE PLTF INCORPORATES HEREIN by REFERENCE THE ENTIRETY OF THE FOREGOING PLEADINGS AND FURTHER REPRESENTS THAT PLTF REASONABLY ANTICIPATES RECEIVING APPOINTED COUNSEL. ACCORDINGLY, THE PLTF

48

366. (CONT'D) RESPECTFULLY SUBMITS THAT THE MAJORITY
OF CAUSES OF ACTION ARE BETTER EXTRAPOLATED AND
PLED IN A MORE LEGALLY MEANINGFUL MANNER BY
TRAINED COUNSEL.

367. THE CALAVERAS COUNTY BOARD OF SUPERVISORS,
JOINTLY & SEPERATELY, KNOWINGLY PROMULGATE AN
UNLAW PRACTICE OF WILLFULL REFUSING TO ALLOCATE OR
EARMARK SUFFICIENT FUNDS TO SUPPORT THE APPROPRIATE
NUMBER OF PUBLIC DEFENDERS AND CONTRACTED CONFLICT
PANEL ATTORNEYS. THESE DEFENDANTS HAVE KNOWN FOR
YEARS THAT THIS PRACTICE IS BOTH UNLAWFUL AND DIRECTLY
RESULTS IN CRIMINAL DEFENDANTS CONSTITUTIONAL
VIOLATIONS

368. DEF. HEALY IS WILLFULLY AND KNOWINGLY VIOLATING
THE PLTF.'S CONSTITUTIONAL RIGHTS TO DUE PROCESS,
SUBSTANTIVE DUE PROCESS, RIGHTS TO EFFECTIVE ASSISTANCE
OF COUNSEL, SUBSTANTIVE RIGHT TO COUNSEL, AND A
MYRIAD OF OTHER CONSTITUTIONAL TORTS TO BE FURTHER
DEVELOPED BY COUNSEL.

369. DEF. HEALY, WILLFULLY AND KNOWINGLY PROMULGATES
AN UNLAWFUL PRACTICE OF FORCING INDIGENT CRIMINAL
DEFENDANTS TO PROCEED WITH INEFFECTIVE/CONFLICTED
COUNSEL. THIS UNLAWFUL PROMULGATED PRACTICE IS
SYSTEMIC THROUGHOUT THIS JURISDICTION AND WIDEN
KNOWN & ACCEPTED AS STANDARD PRACTICE.

370. DEF. Smith IS willfully AND Knowingly violating A MYRIAD of PITF'S civil Rights whileACTING IN CONCERT with STATE officials. IN ADDITION Smiths DEFICIENT REPRESENTATION CONSTITUTES LEGAL MALPRACTICE

371. DEF. FLEMING willfully AND Knowingly VIOLATED PITF'S civil Rights while ACTING IN CONCERT with STATE OFFICIALS. FLEMINGS DEFICIENT REPRESENTATION CONSTITUTES LEGAL MALPRACTICE

372. ALL NAMED AND AS YET TO BE NAMED DEFENDANTS, JOINTLY AND SEPERATELY, CONSPIRED AND/OR Knowingly PARTICIPATED IN UNLAWFUL PROMULGATED PRACTICES KNOWING THEY WERE VIOLATING CONSTITUTIONAL Rights. ┬ADDITIONALLY, DEFENDANTS ARE Liable FOR FRAUD, Gross NEGLIGENCE, I.I.E.D. AND OTHER TORTS UNDER STATE LAW.

373. DEF. York willfully AND Knowingly ROUTINELY PROMULGATES AN UNLAWFUL PRACTICE OF DIRECTING AND/OR CONDONING HER DEPUTIES TO INTENTIONALLY VIOLATE CONSTITUTIONAL RIGHTS AND VIOLATE STATE LAWS/RULES PROSCRIBING MALICIOUS PROSECUTION

374. DEF. PFEIL willfully AND Knowingly LIED/MIS-REPRESENTED THE RECORD DENYING THE PITF'S CONSTITUTIONAL Rights AND ROUTINELY PARTICIPATES IN A SYSTEMIC PRACTICE OF DENYING CONSTITUTIONAL Rights TO CRIMINAL DEFENDANTS.

375. DEF. JONES ACTED IN CONCERT with PFEIL AND GENERALLY PARTICIPATES IN THE UNLAWFUL PRACTICE.

(43)

376. DEF. FRYE ACTED IN CONCERT WITH SMITH, STATE OFFICIALS TO VIOLATE PITF'S CIVIL RIGHTS. ADDITIONALLY FRYES INCOMPETENT REPRESENTATION CONSTITUTES LEGAL MALPRACTICE.

377. AS YET TO BE NAMED DEFENDANTS / COURT CLERKS WILLFULLY AND KNOWINGLY PROMULGATE AN UNLAWFUL PRACTICE TO DENY CIVIL RIGHTS. ADDITIONALLY THESE DEFENDANTS ARE GUILTY OF GROSS NEGLIGENCE, MALFEASANCE, NONFEASANCE, MALICIOUS PROSECUTION, AND FRAUD.

378. DEF SUITS IS INCOMPETENT AND WILLFULLY AND KNOWINGLY VIOLATED PITF'S CIVIL RIGHTS.

379. DEF. STILGER ACTED IN CONCERT WITH STATE OFFICIALS TO WILLFULLY AND KNOWINGLY VIOLATE PITF'S CIVIL RIGHTS. ADDITIONALLY STILGERS DEFICIENT REPRESENTATION CONSTITUTES LEGAL MALPRACTICE.

380. DEF. NUTTING ACTED IN CONCERT WITH SMITH AND STATE OFFICIALS TO WILLFULLY AND KNOWINGLY VIOLATE THE PITF'S CIVIL RIGHTS. NUTTING WAS PAID A CONSULTATION FEE BY PITF AND HIS RESULTING REPRESENTATION OF THE STATES OW CONSTITUTES LEGAL MALPRACTICE BREACH OF FIDUCIARY DUTY, AND I.I.E.D.

381 AS YET TO BE NAMED MEMBERS OF THE DISTRICT ATTORNEYS OFFICE WILLFULLY AND KNOWINGLY VIOLATED PITF'S CIVIL RIGHTS

44

# V RELIEF:

389. DEF. SMITH:   ACTUAL DAMAGES $ 250,000

390. DEF. FRYE:    ACTUAL DAMAGES   $ 250,000

391. DEF. FLEMING   ACTUAL DAMAGES   $ 500,000

340. DEF. SINGER    ACTUAL DAMAGES   $ 250,000

341. DEF. NUTTING   ACTUAL DAMAGES   $  50,000

342. DEF. PFEIL     ACTUAL DAMAGES   $ 500,000

343. DEF. JONES     ACTUAL DAMAGES   $ 500,000

344. DEF. YOOK      ACTUAL DAMAGES   $ 1,00,000

345. DEF. HEALY - DECLARATORY STATEMENT

346. DEF. SUITS - DECLARATORY STATEMENT

347. BD of SUPERVISORS COLLECTIVELY   $ 1,000,000

348. ATTY'S FITZGERALD, ALVAREZ & CIUMMO $ 500,000

349.                          $ 4,800,000

350. PUNATIVE DAMAGES          $ 10,000,000

                    TOTAL  $ 14,800,000

351. THE PLAINTIFF IS RESPECTFULLY MOVING THE COURT
TO ASSUME JURISDICTION OF PTF'S UNDERLYING CRIMINAL
MATTER (22F0546) PURSUANT TO 28 U.S.C.A. 1343

            BY: Douglas

            Douglas Murphy

            1045 JEFF TUTTIES DR

            SAN ANDREAS, CA 95249

            MURPHYDouglas96712 @ gmail.com

DATED: APRIL 5, 2024

45